**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4329**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

RYAN BRANDON LITTLE, a/k/a Casino,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:18-cr-00143-AWA-RJK-2)

Submitted: November 19, 2019           Decided: November 21, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Harry Dennis Harmon, Jr., Norfolk, Virginia, for Appellant. Aidan Taft Grano, Assistant United States Attorney, Alexandria, Virginia, Darryl James Mitchell, Assistant United States Attorney, V. Kathleen Dougherty, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Brandon Little seeks to appeal the 151-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and transportation in interstate commerce for prostitution, 18 U.S.C. § 2421(a) (2012). Little's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting two challenges to Little's sentence. Although informed of his right to file a pro se supplemental brief, Little has not done so. The Government has filed a motion to dismiss the appeal on the ground that Little's appeal is barred by the appeal waiver included in the plea agreement.

We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *Id.* To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Little knowingly and voluntarily waived his right to appeal and that his challenge to his sentence falls squarely within the compass of the appellate waiver. Accordingly, we grant the Government's motion in part.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*